### 43932.   FRIED v. MORRIS & ECKLES COMPANY.

JORDAN, Presiding Judge.   This is an action on an open account, commenced in September 1965, and defended on the basis that the "service charges" on the account are usurious, and that the plaintiff had put the defendant on a "c.o.d." basis, leaving a balance no longer recoverable because of the statute of limitation.   The defendant also claims an overpayment because his payments exceed lawful charges after he was placed on a "c.o.d." basis.   The claim of the plaintiff, as submitted to the jury, is for $6,873.33 as the balance due on the account, as of August 23, 1965, and the verdict and judgment for the plaintiff on December 12, 1967, is for $5,496.30.   The defendant appeals from the overruling of his motions for judgment n.o.v. and new trial.   *Held:*

The evidence, viewed in the light most favorable to the plaintiff, would support a claim for the full amount of $6,873.33 as the balance due on an open account if the "service charges" are for service and therefore not usurious, and this court is of the opinion that the verdict of the jury for an amount less than this amount, but within the limits of this claim and the evidence adduced by the defendant to reduce the claim, should be properly regarded as a verdict supported by the evidence which is not to be disturbed on the complaint of the defendant unless it should clearly appear that it is the result of mistake or compromise.   A computation appearing in the transcript at the bottom of the plaintiff's Exhibit # 2 discloses that someone computed the exact amount of the verdict by reducing the claimed usurious "service charges" of $2,761.42 to $2,417.74 to eliminate charges of $343.68 which were not included in the balance of $6,873.33, and then subtracted $2,417.74 from $6,873.33 to obtain a base of $4,455.59, and added interest at 6% per annum for two years, compounded the second year, $267.34 and $273.37,

plus $500, for a total of $5,496.30. Even if the additions to the base sum in the manner calculated be erroneous (see *Code* §§ 57-101, 57-105, 57-108, 57-110, 57-112, 110-304), there is nothing in the record or transcript to disclose that this was the actual computation used by the jury in arriving at the verdict, and the plaintiff suggests another method, using a balance of $5,697.92 as of November 12, 1962, which is within the period when the defendant may have been on a "c.o.d." basis, that is, when he was expected to make current payments at least equal to current charges for supplies furnished, less $200 and $1.52 (actually $2.52) in omitted credits, all of which is supported by some evidence, to obtain a balance equal to the verdict, allowing for an error of $0.10.

The enumerations of the defendant, except to the extent that they reach the issue of whether the evidence authorized the verdict and the judgment rendered thereon, as heretofore discussed and ruled upon, are without merit, and the trial judge did not err in overruling the motions for judgment n.o.v. and new trial.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

Submitted September 10, 1968—Decided November 1, 1968.

*Allen & Baker, Verlyn C. Baker, James C. Abernathy,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard,* for appellee.